IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDWIN TAFOYA,

    Plaintiff,

vs.                                                                     Civ. No. 98-479 BB/LCS

LUIS REYES, individually, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Kit Carson Electric Cooperative, Inc.'s (Kit Carson) Motion to Compel Joinder of Party, filed November 16, 1998. Kit Carson requests the Court to compel the Plaintiff to join the International Brotherhood of Electrical Workers Local Union 611 (Union) as a necessary Defendant in this matter pursuant to Fed. R. Civ. P. 19(a).[1]

Rule 19(a) requires the court to assess three factors: (1) whether complete relief would be available to the parties already in the suit; (2) whether the absent party has an interest related to

---

[1] Rule 19(a) provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

1

the suit which as a practical matter would be impaired; and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations. *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F. 3d 1407, 1411 (10th Cir. 1996), *cert. dismissed*, 117 S.Ct. 1331 (1997), *cert. denied*, 117 S.Ct. 1427 (1997). Even so,

> '[t]here is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them.'

*Knutzen v. Eben Ezer Lutheran Housing Center*, 815 F.2d 1343, 1356 (10th Cir. 1987)(quoting 7 C. Wright, A. Miller & Kane, *Federal Practice and Procedure* §1604, p. 40 (1986)). Additionally, one must consider "'the social interest in the orderly, expeditious administration of justice.'" *Id*. (quoting John W. Reed, *Compulsory Joinder of Parties in Civil Actions*, 55 Mich. L. Rev. 327, 330 (1957). In sum, "[d]eterminations under Rule 19 are to be made in the practical context of each particular case, leaving to the sound discretion of the court the question of how the action should best proceed under the circumstances." *McCooe v. Town of Manchester*, 101 F.R.D. 339, 340 (D. Conn. 1984)(citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)).

In this case, the Plaintiff is seeking among other relief, that he be reinstated in the position of an operator of an auguring and pole-setting truck, or its equivalent, at the rate of pay he received prior to his discharge from Kit Carson. Kit Carson contends that if the foregoing request for relief is granted, it would affect the seniority of those employees who are thereafter ranked behind the Plaintiff. Seniority is governed by the collective bargaining agreements [CBA] between Kit Carson and the union. Consequently, Kit Carson argues that "any injunctive relief

2

ordered by the Court will affect the employer's obligations under the [CBA] and may subject it to conflicting and inconsistent obligations." Memorandum in Support of Defendant Kit Carson's Motion to Compel Joinder of Party [Kit Carson's Memo] at 2, filed Nov. 16, 1998. The Union is aware of this pending litigation and "expect[s] Kit Carson to follow the [CBA] in any event notwithstanding any order of the Court in any proceeding to which [the union] is not a party." Aug. 14, 1998 letter from John Hollis to Anne Marie Turner, Exhibit 3 (attached to Kit Carson's Memo).

The courts are divided on the issue of whether unions are necessary parties when there is a potential conflict between a CBA and seniority issues resulting from reinstatement. *See, e.g., U.S. Equal Employment Opportunity Commission v. Rockwell Intern. Corp.*, ___ F.Supp.2d ___ (N.D. Ill. 1998)(joinder of union is appropriate); Wright, Miller, & Kane, 7 *Federal Practice and Procedure2d* §1620 at 288-89 (1986)("The union also will be deemed a necessary party in a suit by an employee against his employer charging the violation of that Act and seeking reinstatement and seniority rights because any decision necessarily will affect the rights of the other employees whom the union represents."); *Taylor v. State of Rhode Island, Dept. of Mental Health, Retardation, and Hospitals*, 726 F.Supp. 895 (D. R.I. 1989)(joinder of union not required); *Boczon v. Northwestern Elevator Co., Inc.*, 652 F.Supp. 1482 (E.D. Wis. 1987)(same); *Potter v. Continental Trailways, Inc.*, 480 F.Supp. 207 (D. Colo. 1979)(same). Having considered these cases, I find that the rationale behind the decisions not allowing joinder of the unions is most convincing. As the court in *Potter* indicates "the unions have no interest in maintaining seniority lists which are incorrect as a result of illegal exclusions." 480 F.Supp. at 212. Moreover, "[s]ince union members have no vested rights in seniority positions based on illegal exclusions, the unions

simply cannot claim an interest in protecting so-called seniority rights of its members." *Id*. at 213. The *Potter* court stated that "[s]ince collective bargaining agreements cannot base qualifications for seniority on illegal exclusions, the suggestion that a court order granting reinstatement to [the employee] would subject [the employer] to inconsistent obligations between union and court imposed seniority arrangements is absurd." *Id*.

Moreover, as in this case, the employee in *Potter* did not seek relief from the union nor did he allege that the union violated any statutory law, the CBA, or the United States Constitution. *Id*. Consequently, a judgment rendered in this matter does not affect the union except that Kit Carson and the union may have to bargain in the future about seniority issues. *See Taylor*, 726 F.Supp. at 897. Furthermore, the union has not asserted an active interest in this matter despite having knowledge of this suit. Joinder is improper in that situation as well. *Id*.; *Boczon*, 652 F.Supp. at 1486. Although I find that the union is not a necessary party pursuant to Rule 19(a), I acknowledge that their participation in this suit may nonetheless be helpful. *See Karan v. Nabisco, Inc.*, 78 F.R.D. 388, 403 (W.D. Pa. 1978). I will, therefore, entertain any motion to intervene by the union. *Id.*

WHEREFORE,

IT IS ORDERED that Kit Carson's Motion to Compel Joinder of Party is denied.

_____
Leslie C. Smith
United States Magistrate Judge

4